### [248] HOPSON AND ANOTHER V. MURPHY.

Where the condition of a *certiorari* bond was that the principal "shall pay all such costs and damages as shall be recovered or awarded against him in any suit or suits that may hereafter be brought against him, his heirs. &c., by the said Thomas Murphy:" *Held*, That Murphy could not recover judgment in that action against the surety.
Where judgment was recovered against the principal and his surety, and they appealed, the judgment as to the surety was reversed, and the judgment as to the principal was affirmed, with an order that the principal pay the costs of the appeal.

Appeal from Harris.

*J. W. Henderson*, for appellant.

LIPSCOMB, J. This case was taken by *certiorari* from the county court to the District Court, and it was there dismissed and judgment rendered against Hopson and McAnnelly as his security; from which judgment they appealed. The error assigned is that the judgment was erroneous as to McAnnelly, because it is not supported by his bond.

On looking at the copy of the bond sent up in the record, it appears that when Hopson obtained the mandate for a *certiorari* he was required to give bond and security. The bond shown by the record was no doubt intended to be in conformity with the order of the judge. The condition of the bond recites that a judgment had been obtained by Murphy in the County Court against Hopson, and that an execution had been sued out on it; that an order for a *certiorari* and *supersedeas* had been made; that the *certiorari* was returnable to the next term of the District Court; and then continues: "Now, if the said C. R. Hopson shall prosecute his suit with effect, or, in case he fail therein, shall pay or cause [249] to be paid all such costs and damages as shall be recovered or

awarded against him in any suit that may hereafter be brought against him, his heirs, &c., by the said Thomas Murphy, his heirs, &c., then his obligation to be null and void; otherwise to remain in full force and effect." Although there can be no doubt that this bond was intended to have been to abide by and perform the judgment of the District Court, yet it is very clear that such is not its legal effect, and that the undertaking was collateral, not to be obligatory only on the contingency of Hopson failing to pay such costs and damages as shall or may be awarded against him in any suit or suits that may hereafter be brought against him. Whatever the liability of McAnnelly may be on this bond can only be ascertained after such suit or suits may be brought against Hopson, and he shall fail to perform the judgment of the court in such suit or suits, should it be against him. So much of the judgment of the court below as was rendered against McAnnelly is erroneous. Hopson, however, has no cause of complaint; the judgment against him is correct, aside from the bond. This court will therefore reverse the judgment as to McAnnelly and affirm it as to Hopson; and as Hopson has joined in the appeal when he had no right to reverse the judgment, the costs will be awarded against him.

Ordered accordingly.